## Appeal of HARMONY GROVE MILLS, INC.

Docket No. 2371.   Submitted April 27, 1925.   Decided June 17, 1925.

Where the cost of brick buildings and frame dwellings can not be separated, a combined rate for depreciation is justifiable.

*Theodore B. Benson, Esq.*, for the taxpayer.
*F. O. Graves, Esq.*, for the Commissioner.

Before JAMES, SMITH, and TRUSSELL.

This is an appeal from a determination of a deficiency in income and profits taxes for the calendar year 1918 in the amount of $11,333.30. The only question in issue is the amount of depreciation deductible from gross income in the taxpayer's tax return for 1918.

### FINDINGS OF FACT.

1. The taxpayer is a Georgia corporation with its principal office at Commerce, Ga.

2. In its original income-tax return for the calendar year 1918 the taxpayer deducted from gross income $17,500 for depreciation. In an amended return filed by the taxpayer, the amount of depreciation claimed was $32,347.89. The Commissioner has allowed the deduction of $18,593.89. In arriving at this amount he has allowed depreciation upon depreciable assets at the following rates:

|  | Per cent |
| --- | --- |
| Machinery | 5 |
| Buildings | 2½ |
| Light plant | 7 |
| Pumping station | 5 |
| Furniture and fixtures | 10 |

In the amended return depreciation has been claimed on brick buildings at 2½ per cent; on frame buildings at 4 per cent; on mill machinery at 10 per cent.

3. The main mill building was constructed in 1895, and was a one-story building with 12-inch walls. In 1904 it was decided to make the building longer and to reinforce the walls and build a second story. This addition made the entire building about four times as large as the original. The foundation of the enlarged building is of stone, the walls are of brick, and the roof is a composition of tar and gravel. The inside and the joists are of wood.

4. The taxpayer owns 86 tenant houses. Most of these were built prior to 1900, although a number have been added since that date. A considerable amount has been spent for repairs upon these subsequent to 1915, and they have been kept in a habitable condition. In 1918, $1,755.32 was spent for repairs to the tenant houses, and in 1923 something over $6,000 was spent for the same purpose.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

SMITH: The taxpayer contends that depreciation should be computed at the rate of 2 per cent on brick buildings and at 4 per cent

on frame dwellings. No evidence, aside from the revenue agent's report, was introduced at the hearing as to the cost or book value of the brick buildings or of the frame dwellings. The revenue agent's report shows that the "mill" had a book value at January 1, 1918, of $62,955, and the "village" a book value of $32,355.73. It is understood that the former amount refers to the book value of the brick buildings and the latter amount the book value of the frame dwellings. The depreciation reserve set up for all depreciable assets was $173,072.50. The revenue agent states that "the mill and the village are mixed in the book account but the mill approximately is twice as valuable as the village as to original cost." He adjusted the book value of the "mill" and "village" at $93,117.70 and reduced the reserve for depreciation as a liability from $173,072.50 to $126,433.02. Although the rates for depreciation contended for by the taxpayer appear to be reasonable, we have no basis for the determination of the amount of depreciation by use of such rates. If it be assumed that the depreciated cost of the brick buildings and of the frame dwellings was substantially the amounts reported on the asset side of the balance sheet at January 1, 1918, a combined rate of $2\frac{1}{2}$ per cent for buildings would appear to amount to approximately as much as the rates of 2 per cent on brick buildings and 4 per cent on frame dwellings contended for by the taxpayer. It is observed that the Commissioner has allowed an amount for depreciation in excess of the amount originally claimed by the taxpayer, and we are of the opinion that the evidence does not warrant an allowance for depreciation in excess of that determined by the Commissioner.